FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

2017 OCT 16  PM 12: 08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

-----------------------------------------------------------------

OMAR ENCARNACION, individually and on behalf
of all others similarly situated,

              Plaintiff,

-against-

FINANCIAL CORPORATION OF AMERICA,

              Defendant.

-----------------------------------------------------------------

Civil Action No.:

2:17-CV-566-FtM-38CM

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, OMAR ENCARNACION (hereinafter, "Plaintiff"), a Florida resident, brings this

Class Action Complaint by and through the undersigned attorneys, against Defendant

FINANCIAL CORPORATION OF AMERICA  (hereinafter "Defendant"), individually and on

behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, based upon information and belief of Plaintiff's counsel, except for allegations

specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of

   abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.

   § 1692(a). At that time, Congress was concerned that "abusive debt collection practices

   contribute to the number of personal bankruptcies, to material instability, to the loss of

   jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws .

   . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

   does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Lee County, Florida, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 12515 Research Blvd, Bldg 2, Suite 100, Austin, TX 78759.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to June 26, 2017, an obligation was allegedly incurred to Lehigh Regional Medical Center.

14. The alleged Lehigh Regional Medical Center obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged Lehigh Regional Medical Center obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. Lehigh Regional Medical Center is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Lehigh Regional Medical Center or subsequent owner of the Lehigh Regional Medical Center debt contracted the Defendant to collect the alleged debt.

18. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes

on behalf of creditors.

19. On or about June 26, 2017, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding an alleged debt originally owed to Lehigh Regional Medical Center. *See* **Exhibit A.**

20. Upon information and belief, the Letter was the first communication from Defendant to the Plaintiff with regards to the Lehigh Regional Medical Center debt.

21. Plaintiff received the letter and read it. The Letter stated in part:

    "Re: Lehigh Regional Medical Center"

22. The June 26, 2017 letter fails to explicitly or implicitly identify Plaintiff's current creditor.

23. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what creditor Defendant was attempting to collect for.

24. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the creditor to whom the debt is owed.

25. The obligation is not only to identify the name of the creditor, but to convey the name of the creditor clearly and explicitly.

26. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter, the required notice must also be conveyed effectively to the debtor" *See Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir .1991). Moreover, the validation notice required by the Act "is to be interpreted from the perspective of the 'least sophisticated debtor.' " *Graziano,* 950 F.2d at 111.

27. Merely listing "Re: Lehigh Regional Medical Center" in the subject line of a collection letter does not explicitly convey that "Lehigh Regional Medical Center" is the current

creditor to whom the debt is owed.

28. In *Datiz v. Int'l Recovery Assocs., Inc.*, the district court held that an initial letter that merely states "Re: John T. Mather Hospital", is not without more sufficient to satisfy the requirements under 1692g. *See, Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016), motion for relief from judgment denied, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017).

29. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991).

30. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

31. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA, in part because if a consumer properly asks for validation of the debt, a debt collector must cease collection efforts until they are able to properly validate the debt.

32. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

33. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. The Plaintiff was deprived of information to which he was statutorily entitled to, and was subject to deceptive collection practices which he had a substantive right to be free from.

34. Defendant's actions as described herein are part of a pattern and practice used to collect

consumer debts.

## CLASS ALLEGATIONS

35. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

36. The Class consists of (a) all individuals with addresses in the State of Florida (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt (d) without properly identifying the name of the creditor to whom the alleged debt was owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

37. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

38. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

39. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692g.

40. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

41. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined

in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

42. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)   **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692g.

(c)   **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

45. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

47. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to clearly and unambiguously identify the name of the creditor to whom the debt is owed.

48. The Defendant violated section 1692g(a)(2) by failing to clearly and concisely identify the current creditor.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 11, 2017

Respectfully submitted,

 /s/ Katie M. Miller
Katie M. Miller, Esq.   FBN 74194
The Law Offices of Katie M. Miller, PA
154701 Highway 50, Suite 204
Clermont, FL 34711
Tel: (855) 582-2737
Fax: (407) 442-3693
Email: attorneykstone@gmail.com

Yitzchak Zelman, Esq.,
*Pro Hac Vice Motion Forthcoming*
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff