UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OMAR ENCARNACION, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.                                        Case No: 2:17-cv-566-FtM-38CM

FINANCIAL CORPORATION OF
AMERICA,

      Defendant.

## ORDER

This matter comes before the Court upon review of the Motion to Stay. Doc. 39. Defendant Financial Corporation of America ("FCA") seeks to stay this case pending resolution of what it describes as a "closely analogous case" currently pending before the Court of Appeals for the Eleventh Circuit. *Id.* at 2. FCA's motion indicates Plaintiff opposes the requested stay, but Plaintiff failed to file a response in opposition to FCA's motion, and the time to do so has passed. *Id.* at 5. For the reasons set forth herein, the motion will be denied.

I.    Background

Plaintiff filed a Class Action Complaint against FCA on October 16, 2017, alleging one count of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, *et seq.* Doc. 1. Plaintiff alleges he is a "consumer," and FCA is a collection agency and "debt collector" under the FDCPA. *Id.* ¶¶ 8-9, 11 (citing 15 U.S.C. § 1692a(3), (6)). Plaintiff asserts he allegedly incurred a debt to creditor

Lehigh Regional Medical Center some time prior to June 26, 2017. *Id.* ¶¶ 13-16 (citing 15 U.S.C. § 1692a(4)-(5)). Plaintiff claims Lehigh Regional Medical Center contracted FCA to collect the debt, and FCA sent Plaintiff a collection letter on June 26, 2017. *Id.* ¶ 17, 19. The following information was located in the top right corner of the letter:

> ACCOUNT IDENTIFICATION
> Re: Lehigh Regional Medical Center
> Account number : [Redaction]3948
> Patient Name : Omar Encarnacion
> Date of Service : 11-07-16
> Balance Due : $53.27

Doc. 1-1 at 3; *see also* Doc. 1 ¶ 21. Plaintiff alleges the letter failed to clearly and explicitly convey that Lehigh Regional Medical Center is the current creditor to whom the debt is owed as required by the FDCPA. Doc. 1 ¶¶ 22, 24-25, 27, 32, 48; *see* 15 U.S.C. § 1692g(a)(2). Accordingly, Plaintiff seeks actual damages, statutory damages, costs and attorneys' fees. Doc. 1 ¶ 49. Plaintiff brings his claim on behalf of the following class:

> (a) all individuals with addresses in the State of Florida (b) to whom [FCA] (c) sent an initial collection letter attempting to collect a consumer debt (d) without properly identifying the name of the creditor to whom the alleged debt was owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

*Id.* ¶ 36. FCA filed its Answer on November 22, 2017. Doc. 7.

On June 8, 2018, the Court entered a Case Management and Scheduling Order setting the discovery deadline for December 3, 2018, the dispositive motion deadline for January 2, 2019, and the trial for May 6, 2019. Doc. 29. On August 20, 2018,

FCA filed the present motion to stay the case pending resolution of a similar case pending before the Eleventh Circuit: *Lait v. Medical Data Systems, Inc.*, 11th Cir. Doc. No. 18-12255. Doc. 39. Although Plaintiff did not file a response within the allotted time, the matter is ripe for review.

## II. Analysis

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The party seeking a stay has the burden to demonstrate the need for it. *See id.* at 708. Courts consider various factors when determining whether a stay is appropriate, including whether the movant would suffer a hardship or inequity if the stay was not granted, whether the stay would "simplify and clarify the issues," whether the stay would otherwise promote judicial economy and possible prejudice to the non-moving party. *See Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987-EAK-AAS, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017); *Mackiewicz v. Nationstar Mortgage, LLC*, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015).

The Court finds FCA did not meet its burden of demonstrating the necessity for a stay. As an initial matter, FCA asserts the letter in this case is "materially indistinct" from the letter in *Lait*, and in both cases, the plaintiffs allege the defendants' letters fail to adequately identify the current creditors. Doc. 39 at 3. Thus, FCA argues the pending *Lait* appeal provides "at least a good reason, if not an excellent one to stay the case: to await a federal appellate decision that is likely to

have a substantial or controlling effect on the claims and issues in this case." *Id.* at 4 (internal quotation marks omitted) (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

The letter at issue in *Lait*, however, does not appear "materially indistinct" from the letter at issue here. Indeed, the district court in *Lait* distinguished the letter at issue in that case from the letter in *Datiz v. International Recovery Associates, Inc.*, No. 15-cv-3549(ADS)(AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016), upon which Plaintiff relies in his Complaint. *See* Doc. 1 ¶ 28; *Lait v. Med. Data Sys., Inc.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *6 (M.D. Ala. Apr. 26, 2018). The letter in *Datiz*, like the letter at issue here, listed at the top the file number, "Re: John T. Mather Hospital," the balance due, and the date of service, then provided boilerplate information about disputing the validity of a debt. *See* 2016 WL 4148330, at *1; *see also* Doc. 1-1 at 3. "[N]ot convinced that the least sophisticated consumer would be able to deduce from the caption, 'Re: John T. Mather Hospital,' that John T. Mather Hospital is the current creditor," the *Datiz* court denied the defendant's motion to dismiss the plaintiff's Section 1692g(a)(2) claim. *See* 2016 WL 4148330, at *12. The *Lait* court distinguished from the letter at issue there from that in *Datiz* because the *Lait* letter "contained the creditor identification line *after* the introduction by the debt collector, *after* the indication by [the defendant] that 'the account(s) indicated below has been placed with our office for collection,' and *after* the notice in bold that 'this communication is from a debt collector.'" *See Lait*, 2018 WL 1990513, at *6 (emphasis in original) (citations omitted).

Therefore, although both *Lait* and this case involve the issue of properly identifying a creditor under the FDCPA, it is not clear to the Court that the Eleventh Circuit decision in *Lait* "is likely to have a substantial or controlling effect on the claims and issues in th[is] case." *See* Doc. 39 at 4 (quoting *Miccosukee Tribe of Indians of Fla.*, 559 F.3d at 1198). Given the distinctions discussed above, there is no indication the stay would "simplify and clarify the issues" or otherwise promote judicial economy. As another court in this district put it:

> In every case, there is always the possibility that the law will change in a manner that impacts the viability of the parties' claims and defenses. Far from simplifying the Court's analysis, granting a stay under these circumstances would set unwise precedent that every time a controversial issue is raised on appeal, all related or similar cases must be halted pending the appellate court's ruling.

*Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987-EAK-AAS, 2017 WL 3208621, at *3 (M.D. Fla. July 26, 2017). Further, the FCA has not demonstrated any hardship or inequity in being required to continue defending this lawsuit. Therefore, the Court finds a stay of this case neither necessary nor prudent.

ACCORDINGLY, it is

**ORDERED:**

The Motion to Stay (Doc. 39) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of October, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record