**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| OMAR ENCARNACION, individually and on behalf of all others similarly situated, | Civil Case Number: 2:17-cv-566-SPC-CM |
| Plaintiff, | |
| -against- | |
| FINANCIAL CORPORATION OF AMERICA, | |
| Defendant. | |

**MOTION FOR APPROVAL OF THE PARTIES' CLASS NOTICE AND PLAN FOR DISSEMINATION OF THE CLASS NOTICE**

The Plaintiff, by and through his undersigned attorneys, moves this Court for an order approving the proposed class notice to be disseminated to the class members in this action. In support of this motion, Plaintiff says:

1. On November 14, 2018, this Court recommended certifying the class proposed by the Plaintiff.  *See,* Docket 41.  That Report and Recommendation was then adopted by the District Court on November 29, 2018.  *See,* Docket 44.

2. On November 30, 2018, this Court directed the parties to confer as to class notice and move for approval of (a) the joint proposed class notice, and (b) the joint proposed plan for disseminating the class notice by December 21, 2018.  *See,* Docket 45.

3. Attached is a Proposed Class Notice drafted by the undersigned.  *See,* Exhibit A.  The Notice clearly notifies the class members of (i) the nature of the claims, (ii) the relief sought in this action, (iii) the ability of the class members to opt out of the class, and (iv) the consequences of staying in, or opting out of, the class.

4. For the most part, the attached proposed class notice has been approved by Defendant's counsel. However, the parties have a disagreement as to one sentence of the proposed class notice, preventing the parties from jointly submitting that class notice. The Defendant's proposed class notice is annexed hereto as Exhibit B.

5. The parties dispute relates to the inclusion of a single sentence proposed by Plaintiff. In Paragraph 4 of the proposed class notice – the Paragraph which informs class members as to what they can hope to receive in this lawsuit - the Plaintiff proposed including the following sentence: "Plaintiff is seeking a Class Recovery of up to $48,264.00, which would entitle each Class Member to approximately $13.96." *See,* Exhibit A, page 2, paragraph 4. The Defendant is opposed to including this sentence.

6. It is the Plaintiff's position that the class members will be unable to make an intelligent decision as to whether or not they should stay in the class, without knowing if they can hope to receive 13 cents, 13 dollars or 1,300 dollars.

7. Caselaw is clear that the class notice must provide "recipient class members with sufficient information to permit an intelligent decision" about whether or not to stay in the class. Herbert B. Newberg and Alba Conte, *Newberg On Class Actions* § 8.31, 8-93 (3d ed 1992). The ability to make an 'intelligent decision' is dependent on the class notice containing information "that a reasonable person would consider to be material in making an informed intelligent decision of whether to opt out or remain a member of the class." *In re CP Ships Ltd., Sec. Litig.*, No. 8:05MD1656-T-27TBM, 2008 WL 4663363, at *2 (M.D. Fla. Oct. 21, 2008), aff'd sub nom. *In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306 (11th Cir. 2009*). See also, Klewinowski v. MFP, Inc.*, No. 8:13-CV-1204-T-33TBM, 2013 WL 12157853, at *2 (M.D. Fla. Dec. 5, 2013)(finding that the proposed notice to the class members contained "sufficient information to enable them

to make intelligent decisions as to whether to remain Class Members, object to the proposed settlement and its terms, or opt out of the class settlement").

8. It is the Plaintiff's opinion that asking the class members if they want to remain in the class, without telling the class members what their potential range of recovery is, does not allow the class members the ability to intelligently decide if their interests are best served by staying in the class or opting out.

9. The undersigned left blank the deadlines for class members to opt out, but has proposed that the date be set 120 days from the Court's approval of the class notice. This will allow time for the class administrator to mail out notice to the class members, and provide sufficient time for the class members to submit their opt-out requests.

10. After a class is certified under FRCP 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. "Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S. Ct. 2140, 2150, 40 L. Ed. 2d 732 (1974).

11. Dissemination of these class notices should be by first-class mail.  This case is about Collection Letters mailed by the Defendant to Lehigh Regional Medical Center debtors.  The Defendant knows the addresses for the recipients of these Collection Letters, and mailing these class notices to those addresses is therefore the best possible form of notice.

12. It is therefore respectfully requested that the proposed class notice be approved, so that the class members can be notified about this class action.

## **RULE 3.01(G) CERTIFICATION**

The parties have conferred as to the instant Motion and consent to same. However, the parties do have a single disagreement as to the content of the proposed class notice, which disagreement is outlined above.

Date:   December 21, 2018

                                **MARCUS & ZELMAN, LLC**

                                By: <u>/s/ Yitzchak Zelman</u>
                                Yitzchak Zelman (YZ5857)
                                ATTORNEYS FOR PLAINTIFF
                                701 Cookman Avenue, Suite 300
                                Asbury Park, New Jersey 07712
                                Phone: (732) 695-3282
                                Fax:    (732) 298-6256
                                Email: yzelman@MarcusZelman.com