UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OMAR ENCARNACION, individually
and on behalf of all others similarly
situated

        Plaintiff,

v.                                        Case No: 2:17-cv-566-FtM-38UAM

FINANCIAL CORPORATION OF
AMERICA,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Defendant Financial Corporation of America's ("FCOA") Motion for Summary Judgment (Doc. 52), Plaintiff Omar Encarnacion's Motion for Summary Judgment (Doc. 53), and the parties' responses in opposition (Docs. 57; 58). This matter is ripe for review. For the following reasons, the Court grants FCOA's Motion and denies Encarnacion's Motion.

**I. Undisputed Facts and Procedural History**

In 2016, Encarnacion brought his minor child, O.E., to the emergency room at Lehigh Regional Medical Center ("the Hospital"). (Doc. 55-1 at 9-10). Because of the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

visit, Encarnacion allegedly incurred a debt, which he never paid. (Doc. 53 at 2). About eight months later, FCOA sent Encarnacion a dunning letter ("the Letter"). (Doc. 55-1 at 15-16).[2] FCOA sent the Letter on behalf of the Hospital. (Doc. 52 at 1). Thus, the Hospital was Encarnacion's creditor and FCOA was the debt collector. (Doc. 53 at 2-3). Because Encarnacion cannot read much English, he gave the Letter to his wife without reading it. (Doc. 55-1 at 17).

This dispute centers on the form and contents of the Letter. (Doc. 1 at 15-17). It was on FCOA's letterhead, including FCOA's name and contact information in the uppermost left corner. (Doc. 53-3). Just below, the Letter was dated and addressed to the "Parent Of [O.E.]" with Encarnacion's address. (Doc. 53-3). Set off alone on the right side, the Letter stated:

> <u>ACCOUNT IDENTIFICATION</u>
> Re: Lehigh Regional Medical Center
> Account Number  : [3948]
> Patient Name    : [O.E.]
> Date of Service : 11-07-16
> Balance Due     : $53.27

(Doc. 53-3).[3] Then, the Letter began with "Responsible Party: Parent of [O.E.]." (Doc. 53-3). The rest of the Letter contained three boilerplate paragraphs about the debt collection process and a detachable payment stub, which again listed the account number and balance due. (Doc. 53-3). Nowhere is the word creditor used. (Doc. 53-3). One paragraph, however, stated that the Letter was "an attempt to collect a debt" and the "communication is from a debt collector." (Doc. 53-3).

---

[2] A "dunning letter" is a letter to demand payment or collect a debt. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 n.7 (11th Cir. 2010).
[3] These alterations comply with the Middle District's policy on sensitive information.

Encarnacion brought a class action against FCOA for violating the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1 at 11). Specifically, Encarnacion alleged that the Letter failed to identify the Hospital as the creditor. (Doc. 1 at 17).

**II. Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden rests on the moving party to demonstrate the absence of a material fact and entitlement to judgment. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). At this stage, courts must view all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). But summary judgment is proper if the moving party carries its burden and the non-moving party fails to make a sufficient showing on each essential element that it will have to prove. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**III. Discussion**

The sole issue here is simple: whether the Letter contains the creditor's name. Yet the answer proves trickier than it sounds. While courts within the Eleventh Circuit have rejected similar FDCPA claims, those collection letters contained a bit more information than the Letter here. Still, Encarnacion's claim fails because the Letter identified the creditor to the extent required by FDCPA.

*A. Background Law*

FDCPA is laid out in 15 U.S.C. § 1692 (2017). The statute requires a debt collector to provide certain information to a consumer either in its initial communication about the

debt or within five days of that notice. *Id.* § 1692g(a). Among other requirements, a debt collector must "send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." *Id.* § 1692g(a)(2). But the statute "does not state how a creditor must be named in order to comply." *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 883 (11th Cir. 2017). Here, it is undisputed that the Hospital's name was listed in the Letter, which was the initial communication. (Docs. 53 at 2-3; 53-3). Although the Letter contained the name of the creditor as required by § 1692g(a)(2), this is not dispositive alone.

To analyze the identification of a creditor under § 1692g, courts apply the "least sophisticated consumer" standard. *See Lait v. Med. Data Sys., Inc.*, No. 18-12255, 2018 WL 5881522, at *2 (11th Cir. Nov. 9, 2018).[4] Under this standard, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985)). The least sophisticated consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (citation omitted). Yet the standard has an "objective component": although it protects "naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of

---

[4] The Eleventh Circuit left open whether this standard applies to § 1692g claims. *Lait*, 2018 WL 5881522, at *2. But—consistent with Eleventh Circuit precedent—the Court will assume that it does here because the parties make that assumption. *Id.*; *Leonard*, 713 F. App'x at 882 n.2.

4

reasonableness." *Id.* (citation omitted). Thus, § 1692g requires a debt collector's notice to "state the required information clearly enough that the recipient is likely to understand it." *Leonard*, 713 F. App'x at 882 (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)). "In other words, the notice should be clear enough that a naïve consumer comes away from the notice understanding the 'identity of the creditor.'" *Id.* at 883 (quoting *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012)).

In this analysis, "[c]ontext matters." *Macelus v. Capital Collection Serv.*, No. 17-2025, 2017 WL 5157389, at *2 (D.N.J. Nov. 7, 2017); *see also Lait*, 2018 WL 5881522, at *3. So a dunning letter must be "read as a whole." *See LeBlanc*, 601 F.3d at 1195. The Eleventh Circuit noted that a consumer does "not receive this letter in a vacuum." *Lait*, 2018 WL 5881522, at *3. And as other circuits have stated, the least sophisticated consumer has "reasonable knowledge of her account's history." *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009) (applying the slightly different "unsophisticated consumer standard"). So the context of a plaintiff's position is relevant to this analysis. *See Lait*, 2018 WL 5881522, at *3; *Helman v. Bank of Am.*, 685 F. App'x 723, 728 (11th Cir. 2017).

  *B. Least Sophisticated Consumer Analysis*

Encarnacion contends that the Letter failed to identify the Hospital as the creditor. Particularly, Encarnacion argues that the Letter needed more information to identify the creditor or describe FCOA's relationship with the Hospital. Conversely, FCOA asserts that the Letter identified the Hospital as creditor. It relies on a recent Eleventh Circuit opinion as dispositive here. The Court agrees with FCOA.

5

In *Lait*, the Eleventh Circuit addressed a similar claim. 2018 WL 5881522. There, the plaintiff incurred a debt from medical treatment, making a hospital the creditor. *Id.* at *1. A debt collector sent the plaintiff a dunning letter, which listed the hospital, an account number, a service date, the patient's name, and the outstanding balance. *Id.* Although the debt collector identified itself as "a collection agency," the letter did not call the hospital the plaintiff's "creditor." *Id.* The plaintiff alleged that a debt collector "failed to meaningfully convey the name of the creditor" because the letter did not use the term "creditor." *Id.* at *2 (internal quotation marks omitted). The Eleventh Circuit disagreed. *Id.* at *3. It stated that the plaintiff "did not receive this letter in a vacuum," noting that the letter listed the name of the hospital beside the outstanding balance. *Id.* The Court continued:

> A consumer who had been a patient at a hospital would surely understand the hospital to be the creditor when its name was listed next to the amount of the debt.

*Id.* Further, the *Lait* letter only referenced two entities, the debt collector and the hospital. Id. And a "debt collector is obviously the agent of the creditor," so the only conclusion that the least sophisticated consumer could draw was that the hospital was the creditor. *Id.* (quoting *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014)). Thus, the Eleventh Circuit held that the debt collector identified the creditor. *Id.*

*Lait* is on point. Here, the Letter listed the name of the Hospital, the account number, patient name, date of service, and amount of debt in the upper right-hand corner. (Doc. 53-3). This placement was easily visible and emphasized for the reader as "<u>ACCOUNT INDENTIFICATION</u>." (Doc. 53-3). Just after, the Letter began with "Responsible Party: Parent of [O.E.]." (Doc. 53-3). Contrary to Encarnacion's contention, FCOA identified itself as a debt collector by stating "[t]his communication is from a debt

collector." (Doc. 53-3). Importantly, the Letter mentioned only two entities: FCOA and the Hospital. (Doc. 53-3). Because "the debt collector is obviously the agent of the creditor," "there is no argument to be had that the least sophisticated consumer would think his creditor was anyone other than the hospital listed." *Lait*, 2018 WL 5881522, at *3 (citation omitted). So, similar to *Lait*, the only conclusion to draw from the Letter is that the other entity listed besides FCOA—the Hospital—was the creditor. *Id.*

Like *Lait*, Encarnacion "did not receive this [L]etter in a vacuum." *Id.* He took O.E. to the Hospital himself about eight months before receiving the Letter. (Doc. 55-1 at 9-10, 15-16). Under the least sophisticated consumer standard, the Letter recipient has a "rudimentary amount of information about the world," *LeBlanc*, 601 F.3d at 1194 (citation omitted), and "reasonable knowledge of her account's history," *see Wahl*, 556 F.3d at 646. Thus, "the least sophisticated consumer could be expected to connect the dots on" the Letter, which "list[ed] the name [of the Hospital] next to an outstanding balance" and that consumer brought his child to the specific hospital on that date. *See Lait*, 2018 WL 5881522, at *3. For those reasons, FCOA sufficiently identified the Hospital as the creditor.

As for applying *Lait* here, Encarnacion never even discusses the decision itself. Instead, he attaches the letter at issue there and debates his beliefs about its significant details without noting the Eleventh Circuit's holding or reasoning. (Docs. 53 at 15-16; 58 at 16-17). This is telling. Although there are differences between the two letters, the Eleventh Circuit did not rely on those facts in *Lait*. For example, Encarnacion notes that the Letter did not state that FCOA was "a collection agency" or "[t]he account(s) indicated . . . has been placed with [the] office for collection," which the *Lait* letter expressed. (Doc.

7

53-8). But the Court never mentioned those facts in its analysis. Rather, the Eleventh Circuit relied on the letter and its context along with the fact that only two entities, the debt collector and creditor, were mentioned. *Lait*, 2018 WL 5881522, at *3. The Letter here identified FCOA as a debt collector. (Doc. 53-3) ("This communication is from a debt collector."). And, unlike the letter in *Lait*, the Letter expressly specified the "Responsible Party" for the debt—Encarnacion. *Compare* (Doc. 53-3), *with* (Doc. 53-8). In sum, the minor variations between the Letter here and the letter in *Lait* amount to a distinction without a difference.

Mainly, Encarnacion relies on a line of cases, which held that debt collectors violated § 1692g(a)(2) by listing creditors without expressly identifying them or explaining the relationship between the debt collector and creditor. *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("Thus, the Court finds the fact that the caption [of the demand] Letter lists [the creditor hospital] is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor."); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356, 2016 WL 6069180, a *4-5 (E.D.N.Y. Oct. 17, 2016) (relying on *Datiz*); *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-cv-3257, 2017 WL 4865259, at *2-3 (D. Ariz. Oct. 27, 2017) (same); *White v. Prof'l Claims Bureau, Inc.*, 284 F. Supp. 3d 351, 362-63 (E.D.N.Y. 2018) (relying on *Datiz* and *McGinty*); *Schnorrbusch v. Commercial Trade, Inc.*, No. 3:18-CV-1850, 2018 WL 6436418, at *5 (N.D. Tex. Dec. 7, 2018) (relying on *McGinty*). *Datiz* and its progeny have similar facts to this case. But these cases are non-binding and their reasoning is not beyond doubt.

As FCOA observes, several courts outside the Eleventh Circuit rejected the *Datiz* reasoning. *Macelus*, 2017 WL 5157389, at *3 ("We note at the outset that *Datiz* and *McGinty* are merely persuasive authority on this Court, and not very persuasive at that."); *Baker v. Lanier Collection Agency & Servs. Inc.*, No. 0:17-cv-02364, 2018 WL 3109667, at *3 (D.S.C. June 25, 2018). More relevant, however, courts within this Circuit have spurned the *Datiz* line of cases. *Howard v. Client Servs., Inc.*, No. 0:17-cv-62425, 2018 U.S. Dist. LEXIS 142827, at *11-13 (S.D. Fla. Aug. 21, 2018) ("[T]his Court does not find [*Datiz/*] *McGinty* and its progeny persuasive and moreover they are not binding precedent in this Circuit."); *Philips v. Cent. Fin. Control*, No. 2:17-cv-02011, 2018 WL 3743221, at *5 (N.D. Ala. Aug. 7, 2018). And most important, the Eleventh Circuit just rejected the reasoning that underlies *Datiz* by holding that a similar dunning letter did not violate § 1692g(a)(2). *See Lait*, 2018 WL 5881522, at *3. For those reasons, this Court also finds the reasoning of *Datiz* unpersuasive here. *See Howard*, 2018 U.S. Dist. LEXIS 142827, at *11-13.

Much of Encarnacion's argument boils down to his belief that the Letter must have "something more." (Docs. 53 at 17; 58 at 19). Specifically, he demands something explaining that the account was "placed with" FCOA. (Docs. 53 at 15-17; 58 at 17-19). To be sure, the *Lait* letter stated as much along with the letters in most cases cited by both parties. *See, e.g.*, *Dokes v. LTD Fin. Servs., L.P.*, 328 F. Supp 3d 1270, 1274 (N.D. Ala. 2018); *Carpenter v. Syndicated Office Sys., LLC*, 319 F. Supp. 3d 1272, 1274 (S.D. Fla. 2018). Yet that language is neither required by the statute nor necessary here to convey the creditor "clearly enough that the recipient is likely to understand it." *See Leonard*, 713 F. App'x at 882 (citation omitted). Other courts have used boilerplate

9

phrases like "placed with" to support their rejection of § 1692g claims, but they clarified that no one fact is determinative and courts must look at each letter as a whole. *E.g.*, *Dokes*, 328 F. Supp. 3d at 1275, 1281; *Howard*, 2018 U.S. Dist. LEXIS 142827, at *16-18. For example, courts have found no § 1692g(a)(2) violation when a debt collector fails to use the creditor's actual name, so long as the recipient would still understand the creditor's identity from the rest of the letter. *Maximiliano v. Simm Assocs., Inc.*, No. 17-cv-80341, 2018 WL 783104, at *5 (S.D. Fla. Feb. 8, 2018); *Demonte v. Client Servs., Inc.*, No. 14-cv-14511, 2015 WL 12556159, at *3 (S.D. Fla. July 30, 2015). Reading the Letter with care as a whole, the least sophisticated consumer would understand the creditor identification information here. *See Lait*, 2018 WL 5881522, at *3; *LeBlanc*, 601 F.3d at 1194.

As Encarnacion concedes, FDCPA requires no "magic words." (Doc. 58 at 3). Yet the lack of magic words is the basis of his FDCPA claim. In this Circuit, the information in the Letter would certainly satisfy § 1692g(a)(2) if it also stated that the account was "placed with" FCOA for collection. *E.g.*, *Lait*, 2018 WL 5881522, at *3; *Howard*, 2018 U.S. Dist. LEXIS 142827, at *22; *Philips*, 2018 WL 3743221, at *5; *Demonte*, 2015 WL 12556159, at *3. But the absence of that statement does not obfuscate an otherwise clear creditor identification. Of course, debt collectors cannot evade their obligation to identify the creditor by writing dunning letters in Dothraki. *See Janetos*, 825 F.3d at 321. § 1692g(a)(2) requires debt collectors to identify the creditor in a manner that the least sophisticated consumer would understand. *Leonard*, 713 F. App'x at 882-83. The Letter satisfies that requirement here even without the magic words that Encarnacion seeks. *See Lait*, 2018 WL 5881522, at *3.

Because FCOA identified the Hospital as creditor clearly enough for the least sophisticated consumer to understand, Encarnacion cannot demonstrate a FDCPA violation. So FCOA is entitled to summary judgment.

Accordingly, it is now

**ORDERED:**

1. FCOA's Motion for Summary Judgment (Doc. 52) is **GRANTED**.

2. Encarnacion's Motion for Summary Judgment (Doc. 53) is **DENIED**.

3. The Clerk is **DIRECTED** to enter judgment for FCOA, terminate all remaining motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of February, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record